By the 8th section of the act of assembly, for adjusting the titles of claimants to unpatented lands, passed at the May session 1779, it was provided, “that the counties on the western waters should be allotted into districts, to wit: the counties of Monongalia, Yohogania, and Ohio, into one district; the counties of Augusta, Botetourt, and Green-brier, into one district; the counties of Washington and Montgomery, into one other district; and the county of Kentucky into another districtand that, for each of those districts, the governour and Council should appoint four commissioners, “ for the purpose of collecting, adjusting and determining such claims.” Ch. Rev. 92. And that their judgments were to be final, except in certain prescribed cases. Ibid. 93. But, by the 9th section, liberty, was reserved to any person, injured by their determination, to enter a caveat against a grant, upon the judgment, at any time, before the first of December, 1780.
By the 3d section of another act of the same session of May 1779, for establishing the land office, it was provided, that caveats, against grants to lands, might be entered in the general court; which should proceed to determine the right in a summary way; and “ thereupon give judgment, on which no appeal or writ of error should he allowed.” Ch. Rev. 96.
Under the reservation, in the first of the above mentioned acts, James Maze entered a caveat in the general court “ for four hundred acres of land lying in the county of Botetourt now Greenbrier called the Cabin place, on the waters of Greenbrier, which said four hundred acres of land had been *34 adjudged, by the commissioners for the district of the coun- , ties of Augusta, Botetourt and Greenbrier, on the fourteenth day,of January, 1780, to the defendants in right of settlement, together, with a right of preemption belonging thereto, and their costs.”
Upon which caveat, the general court entered the following judgment, on the 9th of October, 1782 :
On the petition of the plaintiff to have his claim aforesaid considered, and it appearing to the court, upon examinations, that John Finney, who in the entry of the judgment aforesaid, claimed, as assignee of the said James Maze, who was present and a party to the trial, was a trustee and agent for the said James Maze; and it being proved that the said Maze laboured under disability with respect to testimony, partly occasioned by the inclemency of the weather at the time of meeting of the said commissioners, thereupon a hearing is-granted unto the said James Maze in a summary way — And the parties, by their attornies, having waved a trial by jury and submitted the cause to the judgment of the court, the transcript of the judgment aforesaid being seen and inspected, and divers witnesses sworn and examined, and the parties heard by their counsel, It seems to the court here, that the judgment is erroneous: Therefore it is considered, by the court, that the same be reversed and annulled, so far as it relates to the four hundred acres aforesaid, and any right of preemption of the defendants belonging thereto : And that a grant issue, to the plaintiff, for the said four hundred acres of land in right of settlement, and for one thousand acres more in right of preemption, to which no other person hath any legal right or claim, he, the said plaintiff, complying with the terms of the law, in such cases made and provided : And that the plaintiff recover against the defendant his costs by him expended, as well in the prosecution of his claim aforesaid here, as about his defence before the said meeting of the commissioners for the district aforesaid.”
*35 From wich judgment of the genera] court, the defendants offered to appeal; to which the plaintiff’s counsel objecled; and the appeal was denied.
On the 30th of April, 1783, Hamilton obtained a writ of error, from the court of appeals, to the judgment of the general court: Which, after argument, was, on the 29th of October, 1783, quashed : But that order was set aside on the next day : the cause re-heard ; and, on the first day of November, 1783, the following judgment was entered in the cause by the court of appeals.
“ The court proceeded to render judgment in this cause pursuant to the order of yesterday; and it seems to the court here, that the writ of error awarded in this cause, in April last, ought not to have been granted, this court not having jurisdiction to award a writ of error to a judgment of the general court in a caveat instituted in the said court under the act of the general assembly, intituled an act to amend an act intituled an act for adjusting and settling the titles of claimers to unpatented lands, under the present and former government previous to the establishment of the commonwealth's land office: It is therefore considered, by the court, that the said writ of error be quashed.”